# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**ROBERT D. LARISON and**<br>**JAN P LARISON**<br><br>     Debtors. | Case No. **03-04394-TLM** |
| **RICHARD CRAWFORTH, Trustee**<br><br>     Plaintiff,<br><br>v.<br><br>**H & H ENTERPRISES, L.L.C., an Idaho**<br>**limited liability company,**<br><br>     Defendant. | Adversary No. **05-6001-TLM**<br><br>**ORDER DENYING MOTION**<br>**FOR EXTENSION OF TIME TO**<br>**FILE NOTICE OF APPEAL** |

This Court issued a Memorandum of Decision on July 28, 2005.  Doc. No. 27.  It requested that Plaintiff prepare a form of judgment consistent with the Memorandum of Decision.  *Id.* at 21.  No Judgment has been entered as yet.

On August 4, Defendant filed a "Motion for Extension of Time to File Notice of Appeal" to and including August 19, 2005.  Doc. No. 29 ("Motion").[1]  Defendant's Motion alleges that the ten-day period of Fed. R. Bankr. P. 8002 would run on August 7.  *Id.* at 1.  Defendant calculated the period by reference to the date of the Memorandum of Decision, July 28.  *Id.*

---

[1] Defendant filed an amended motion, Doc. No. 30, correcting the date the Motion was signed and served.  In all other respects, the amended motion is identical to the Motion and for the purpose of this Order, the Court will simply refer to the Motion.

Fed. R. Bankr. P. 8002 provides that a "notice of appeal shall be filed with the clerk within 10 days *of the date of the entry of the judgment*, order, or decree appealed from." (emphasis added). A Judgment has not yet been entered in this case. Therefore, the Motion is premature based on the plain language of the Rule. Indeed, Rule 8002 goes on to state: "A notice of appeal filed *after the announcement of a decision* or order *but before entry of the judgment*, order, or decree shall be treated as filed after such entry and on the day thereof." (Emphasis added). This provides further indication that the premise of Defendant's Motion – that the ten days to file an appeal runs from the date of the Memorandum of Decision – is in error.

Based on the record herein, and the determination that the Motion is premature and not well taken under the Rules, and cause appearing:

IT IS HEREBY ORDERED that the Motion, Doc. Nos. 29 and 30, is DENIED.

DATED: August 9, 2005

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE